UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COMMUNITY HEALTH CENTER, INC., :
    Plaintiff, :
     :
v. :
     : Civil Action No. 3:02CV761 (CFD)
PATRICIA WILSON-COKER, J.D., :
M.S.W., COMMISSIONER OF THE :
STATE OF CONNECTICUT :
DEPARTMENT OF SOCIAL SERVICES, :
    Defendant. :

### RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Community Health Center, Inc. ("CHCI") brought this action against Patricia Wilson-Coker, in her official capacity as Commissioner of the State of Connecticut Department of Social Services ("DSS"), alleging that DSS has violated and is violating provisions of federal law governing the Medicaid program. CHCI alleges that DSS has improperly taken back Medicaid payments to which CHCI is legally entitled and has issued a directive under which there will be further unlawful curtailments of CHCI's reimbursement for Medicaid services. Specifically, CHCI claims that these unlawful acts stem from DSS' refusal to pay for essential services commonly referred to as "case management services." CHCI has filed a motion for summary judgment [Doc. #13].

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotations and citation omitted). In ruling on a motion for summary judgment, however, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

The Court concludes there are genuine issues of material fact including, but not limited to, whether case management services constitute a billable client visit, whether the four visits that the State auditor declared improperly paid constituted billable client visits, and, if those visits were improperly paid, whether DSS has an obligation to recalculate CHCI's prospective payment basis.

Accordingly, the plaintiff's motion for summary judgment [Doc. #13] is DENIED.

SO ORDERED this 2nd day of September 2004, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE