UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC. ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 3:02CV761(CFD) |
| ) | |
| PATRICIA WILSON-COKER, J.D., M.S.W., ) | |
| COMMISSIONER OF THE ) | |
| STATE OF CONNECTICUT ) | |
| DEPARTMENT OF SOCIAL SERVICES ) | |
| ) | |
| *Defendant.* ) | |
| ) | March 2, 2005 |

## CONFERENCE STATUS REPORT

This matter is scheduled for a status conference on March 4th at 10:00 a.m. Community Health Center, Inc. ("CHCI"), has alleged that the State of Connecticut's Department of Social Services ("DSS") has violated, and is violating, provisions of Federal law governing the Medicaid program. As a result, DSS already has improperly taken back Medicaid payments to which CHCI is legally entitled and has issued a directive under which there will be further unlawful curtailments of CHCI's reimbursement for Medicaid services. These unlawful acts stem from DSS' refusal to pay for an essential service, commonly referred to as "case management." CHCI's June 12, 2003 Settlement Memorandum sets forth detailed background

concerning CHCI's claims in this action as well as the nature and importance of case management services. CHCI's prior settlement memorandum is hereby incorporated by reference.

## PRESENT STATUS OF THE CASE

CHCI still believes that the issues in this matter are entirely legal in nature. It submitted a motion for summary judgment in August of 2002. However, in September of 2004, this Court issued its ruling on the Motion for Summary Judgment. In its decision denying the motion, the Court found that there were issues of material fact, including such things as whether case management services constituted billable client visits; whether the four visits that the State auditor declared improperly paid, constituted billable client visits; and if those visits were improperly paid, whether DSS has an obligation to recalculate CHCI's prospective payment basis.

Plaintiff has subpoenaed the Commissioner of DSS or her agent, for a deposition on March 21st, along with various DSS records in an attempt to have some of the heretofore mentioned "disputed facts" resolved. Plaintiff's position is that once DSS provides the information sought, this matter will be ripe for trial.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

It is the position of the plaintiff that the trial would last no more than three (3) days. Counsel for both sides most likely will be able to stipulate to many facts. It is believed that some time after May would be an appropriate time to schedule this matter.

Respectfully submitted,

_____
Richard R. Brown
Fed. Bar No. 00009
Brown, Paindiris & Scott, LLP
100 Pearl Street, Suite 1100
Hartford, CT  06103
(860)522-3343 (Telephone)
(860)522-2490 (Facsimile)

and

James L. Feldesman
Kathy S. Ghiladi
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.,
Second Floor
Washington, D.C. 20036
(202) 466-8960 (telephone)
(202) 293-8103 (facsimile)

*Counsel for Plaintiff*

## CERTIFICATION

This is to certify that on this 2nd day of March, 2005, a copy of this document was mailed, postage prepaid, as well as faxed (860-808-5385) to Daniel Shapiro, Assistant Attorney General, P.O. Box 120, Hartford, CT 06141-0120.

_____
Richard R. Brown, Esq.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767