## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COMMUNITY HEALTH CENTER, INC., | : | CIVIL ACTION NO. 3:02cv761(CFD) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA WILSON-COKER, J.D., M.S.W, | | |
| COMMISSIONER OF THE STATE OF | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| SOCIAL SERVICES | : | |
| *Defendant* | : | APRIL 8, 2005 |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

### Background

Plaintiff filed its complaint against the Connecticut Department of Social Services (hereinafter "Department") in May of 2002. Now, a year after the close of discovery, and without permission of the Court, plaintiff seeks to reopen discovery by issuing a subpoena for a deposition directed to the Commissioner of the Department. During the period of discovery, plaintiff did not depose one single witness. Certainly, it had ample time to conduct discovery. Just two months prior to trial, it is unfair and in violation of the Federal Rules and the Orders of this Court to now attempt to conduct discovery.

### Argument

The defendant in this matter moves, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45, for an order quashing the subpoena issued to the Commissioner of the Department of Social Services. The subpoena was issued by plaintiff and served on defendant or about February 24,

2005, long after the period of discovery had ended.  In fact, as the Honorable Thomas P. Smith noted in his Settlement Conference Memorandum (Document #50) dated April 7, **2004**, "Discovery is complete."[1]

The period for discovery ended a year ago, and there exists no justifiable reason to now make the Department subject itself to a deposition simply because plaintiff's counsel has now reached the conclusion that it should have conducted further discovery during the discovery period.  It was plaintiff's choice not to depose any Department witnesses.  Plaintiff did not conduct one single deposition.

The case was filed in May of 2002, and is therefore almost three years old.  During that time, the parties have had ample time to complete discovery.  In fact, this case has been deemed "ready for immediate trial" as of March 4, 2005, by the Court.  (See, Order Re: Scheduling of Trial issued by the Honorable United States District Judge Christopher F. Droney on February 10, 2005).[2]

Many courts have recognized that litigants may not issue subpoenas for testimony or documents as a means of circumventing previous orders on discovery.  See, e.g., McNerney v. Archer Daniels Midland Company, 164 F.R.D. 584 (W.D.N.Y.) (Motion to quash subpoena granted after discovery deadline had passed); Marvin Lumber v. PPG Industries, Inc., 177 F.R.D. 443 (D.Minn.1997) (Motion for protective order against subpoena granted where violation of prior discovery order); Rice v. United States, 164 F.R.D. 556 (N.D.Okla.1995) (Motion to quash subpoena which violated discovery order granted) (citing Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338 (6th Cir.1984) and Buhrmaster v. Overnite Transportation Co., 61 F.3d 461

---

[1]  Plaintiff did not object to this report.
[2]  Plaintiff did not object to this determination.

(6th Cir.1995)).  In this case, the Court declared that discovery was complete as of April of 2004, and there is no reason to reopen discovery.

The decision to extend or reopen discovery falls within the court's discretion.  Reytblatt v. Nuclear Regulatory Commission, 1991 U.S. Dist. LEXIS 10076, attached as Exhibit A.  See also, Doelle v. Mountain States Tel. & Tel., 872 F2d 942 (10th Cir. 1989).  In this case, plaintiff's attempt to reopen discovery for the purpose of taking the deposition of a Department witness is untimely and unjustified.  See, Queen's University at Kingston v. Kinedyne Corporation, 161 F.R.D. 443, 445-446 (D. Kan. 1995).  In seeking to reopen discovery, the plaintiff must demonstrate what efforts it made during discovery to obtain this information and why it was unsuccessful in doing so."  Kifafi v. Hilton Hotels Retirement Plan, 2000 U.S. Dist. LEXIS 17967, attached as Exhibit B.

Plaintiff may argue that because its motion for summary judgment was denied by this Court, it means that there are material issues of fact and therefore further discovery is warranted. This argument has no merit.  Obviously, plaintiff knew that it was possible for their motion for summary judgment to be denied.  Plaintiff had an obligation to complete its discovery regardless of the pending decision of the Court regarding a motion for summary judgment.  The filing of plaintiff's motion for summary judgment does not stay the discovery period.

If there were issues that plaintiff needed to investigate by means of discovery, plaintiff had the time to do it.  Discovery has ended, and to subject defendant to further depositions after the Honorable Thomas P. Smith declared that discovery was complete a year ago is unfair and causes undue burden on defendant.  Fed. R. Civ. P. 45(c)(3)(A)(iv).

In addition, pursuant to the Federal Rules, the use of discovery methods shall be limited by the court if it determines that the party seeking discovery has had ample opportunity by

3

discovery in the action to obtain the information sought.  Fed. R. Civ. P. 26(b)(2)(ii).  Plaintiff

has had ample opportunity to take the deposition of persons from the Department.  The fact that

plaintiff now determines that it needs more depositions just prior to trial is not sufficient grounds

for additional discovery.

## Conclusion

For the foregoing reasons, defendant respectfully requests that this Court quash the

subpoena issued to the Commissioner of the Department of Social Services.


DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General


BY:     _/s/_____
          Daniel Shapiro
          Assistant Attorney General
          Federal Bar No. ct20128
          55 Elm Street
          P.O. Box 120
          Hartford, CT  06141-0120
          Tel:  (860) 808-5210
          Fax: (860) 808-5385
          E-mail:  Daniel.Shapiro@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum was mailed in accordance with

Rule 5(b) of the Federal Rules of Civil Procedure on this _____8th____ day of April, 2005,

first class mail, postage prepaid, to:


Richard Brown, Esq.
Brown, Paindiris & Scott, LLP
100 Pearl Street, Suite 1100
Hartford, CT  06103

James Feldesman, Esq.
Feldesman, Tucker, Leifer & Fidell, LLP
2001 **L** Street, N.W., 2nd Floor
Washington, D.C.  20036


_/s/_____
Daniel Shapiro
Assistant Attorney General
Federal Bar No. ct20128