LEXSEE 1991 US DIST LEXIS 10076

**ZINOVY REYTBLATT, Plaintiff, v. NUCLEAR REGULATORY COMMISSION, Defendant**

No. 86 C 385

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**1991 U.S. Dist. LEXIS 10076**

**July 22, 1991, Decided**
**July 22, 1991, Docketed**

**LexisNexis(R) Headnotes**

**JUDGES:** [*1]

Charles P. Kocoras, United States District Judge.

**OPINIONBY:**

KOCORAS

**OPINION:**

*MEMORANDUM OPINION*

This matter is before the court on Plaintiff Reytblatt's motion for leave to examine witnesses. For the following reasons the motion is denied.

*BACKGROUND*

This suit concerns Dr. Reytblatt's grievance with the United States Nuclear Regulatory Commission ("NRC"). Dr. Reytblatt alleges that the NRC gave a document prepared by Dr. Reytblatt, the Integrated Leak Rate Testing Methodology, to Oak Ridge Laboratory for analysis. The plaintiff contends that this violated the secrecy agreement between Dr. Reytblatt and the NRC. The NRC admits that it gave the methodology to the Oak Ridge Laboratory, but argues that the plaintiff authorized the action. Therefore, the suit rests on the narrow issue of whether Dr. Reytblatt granted the NRC the right to send his document to Oak Ridge Laboratory.

This case has been in discovery for over five years now, and over the years there have been numerous discovery rulings by a number of courts. It is quite significant for purposes of this ruling that on four separate occasions courts have ruled document discovery closed in this case. To begin, as far back as January 15, [*2] 1988, Judge McGarr denied the plaintiffs motion to compel further documentary production and ordered all document production closed. He stated, "The court is satisfied that the government has made a good faith attempt to respond to the documentary requests of Dr. Reytblatt and has complied therewith to the extent of its ability to do so." Reytblatt v. NRC, No. 86 C 385, slip op. at 2 (N.D. Ill. January 15, 1988) (McGarr, J.). Sixth months later, on August 26, 1988, this court also ordered all document production closed. When we later referred the matter to Magistrate Judge Rosemond the following year, in his memorandum opinion of October 26, 1989, he reiterated that all document production was closed. Finally, in May of 1990, this court granted defendant's motion to prohibit further document production and quash the plaintiff's subpoena of Fred Maura, an NRC employee, as the subpoena requested the production of documents at Maura's deposition.

Also quite significant for the purposes of this ruling are the numerous court decisions concerning deposition discovery. To begin, Judge McGarr, in his 1988 ruling, granted the plaintiff leave to depose one employee of the NRC. At that time

[*3] the court also held that it would determine whether further depositions could be taken based on the outcome of that deposition. Dr. Reytblatt choose to depose Mr. Harold Denton, Director of Governmental and Public Affairs of the NRC, despite the defendant's informing the him that Denton had no involvement in sending Reytblatt's methodology to the Oak Ridge Laboratory. The second day of the Denton deposition, held in the back of a Washington D.C. tavern on January 4, 1989, was an insult to the legal profession. This court gave Dr. Reytblatt strict orders forbidding him from conducting the deposition pro se. He disregarded this ruling and asked questions through his attorney. The questions Dr. Reytblatt asked often had no relevancy to the case. Dr. Reytblatt gave unsworn testimony repeatedly at the deposition, and at one point he demanded that Mr. Denton make telephone calls to other employees to find answers to irrelevant questions. Dr. Reytblatt's unethical behavior at this deposition could only be viewed as harassment. As a result of this conduct Magistrate Judge Rosemond, in his ruling of October 26, 1989, sanctioned Dr. Reytblatt. In addition, Magistrate Judge Rosemond ordered [*4] Dr. Reytblatt to take the depositions of Mr. Gunter Ardnt and Mr. Edward Shoemaker, both employees of the NRC, by December 18, 1989. Dr. Reytblatt failed to take either deposition.

Then on March 22, 1990, this court granted the plaintiff's motion to depose Mr. Fred Maura and ordered Dr. Reytblatt to take the deposition within thirty days. We later extended the deadline to the end of May, 1990, at Dr. Reytblatt's request. However, Dr. Reytblatt ignored the second deadline and never took Maura's deposition.

In July of 1990, this court granted the defendant's motion for a protective order requiring that the parties conduct the depositions of Arndt and Shoemaker at the NRC offices. On September 6, 1990, we ordered Dr. Reytblatt to take these depositions within forty-five days. Again, Dr. Reytblatt ignored the deadline set by this court and did not take these depositions. Finally, at the October 24, 1990, status hearing, this court ruled all discovery closed.

However on January 31, 1991, the court again stretched its leniency with Dr. Reytblatt by allowing him to take the depositions of Maura and Ardnt by April 1, 1991. This decision was followed by our February 28, 1991 ruling that the [*5] parties take Mr. Shoemaker's deposition on April 18, 1991, the date Dr. Reytblatt specifically requested. Once again, Dr. Reytblatt failed to take any of these depositions. When he refused to be present at the Shoemaker deposition, the defendant conducted the deposition in his absence.

In sum, after five years of discovery and numerous generous extensions by this court, the plaintiff, having been given ample opportunity to take the depositions of several witnesses, has acquired only one deposition. Morever, that deposition was marred by the plaintiff's harassment and abuse of the witness. Now, Dr. Reytblatt moves for leave to examine witnesses and also requests that certain documents be produced at these depositions.

*DISCUSSION*

This court ruled document discovery closed, set an April 1, 1991 deadline for the depositions of Maura and Arndt, and set an April 18, 1991 deadline for the deposition Mr. Shoemaker. Therefore, Dr. Reytblatt's current motion for leave to examine these three witnesses and compel further document production is also a request to reopen discovery. This court must address whether there is any justification for reopening discovery in this case.

*1. Standard* [*6] *for Reopening Discovery*

The Federal Rule of Civil Procedure 26(f) allows the court to amend discovery orders where justice so requires. Fed. R. Civ. P. 26(f). The decision to extend or reopen discovery falls within the court's broad discretion. Kedzior v. Talman Home Federal Sav. & Loan Assn., 1990 U.S. Dist. LEXIS 5529 (Kocoras, J.); Doelle v. Mountain States Tel. & Tel., 872 F.2d 942 (10th Cir. 1989), citing Smith v. Ford Motors Co., 626 F.2d 784 (10th Cir. 1980); Smith v. U.S., 834 F.2d 166 (10th Cir. 1987). The Tenth Circuit Court of Appeals has ruled that an important factor in reviewing whether discovery should be reopened is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." Smith v. U.S., 834 F.2d 166 (10th Cir. 1987). Finally, the Seventh Circuit found that the district court has the discretion to limit or close discovery when a party has had ample opportunity to gather information. A. C. Aukerman Co. v. Miller Formless Co., 693 F.2d 697 (7th Cir. 1982).

*2. Analysis*

Because the court has broad [*7] discretion in matters of discovery, this court has granted the plaintiff numerous extensions in obtaining the depositions of Arndt, Maura, and Shoemaker. Repeatedly, Dr. Reytblatt disobeyed this court's orders. After several opportunities to take these depositions, the plaintiff has failed to do so. Dr. Reytblatt gives two reasons for his refusal to take the depositions. First, he insists that he will not conduct the depositions unless the defendant brings certain documents, despite numerous rulings by various courts ordering *all document production closed.* Second,

Case 3:02-cv-00761-CFD   Document 67-2   Filed 04/11/2005   Page 3 of 3

Page 3
1991 U.S. Dist. LEXIS 10076, *7

Dr. Reytblatt refuses to conduct the depositions at the NRC offices, despite this court's July 26, 1990 ruling ordering the parties to conduct the depositions there.

    To reopen discovery, the plaintiff must offer some justification for his delay in obtaining discovery. Kedzior v. Talman Home Federal, 1990 U.S. Dist. LEXIS 5529 (Kocoras, J.). Here, Dr. Reytblatt's justifications for his delay are directly contrary to orders of this court. Furthermore, this court has been extremely lenient with Dr. Reytblatt, granting him many extensions over a five year discovery period. Dr. Reytblatt was not diligent [*8] in obtaining discovery. He has conducted only one deposition and ignored the rulings of this court. He has been given more than ample opportunity to gather the discovery information he desires. Dr. Reytblatt has made a mockery of the discovery proceedings in this case. Accordingly, the court denies the plaintiff's motion for leave to examine witnesses, and again reiterates that all discovery is closed.