LEXSEE 2000 U.S. DIST. LEXIS 17967

**JAMAL J. KIFAFI, individually and on behalf of all others similarly situated, Plaintiffs, v. HILTON HOTELS RETIREMENT PLAN, et al., Defendants.**

**CIVIL ACTION 98-1517 (CKK/AK)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**2000 U.S. Dist. LEXIS 17967**

**December 7, 2000, Decided**
**December 7, 2000, Filed**

**DISPOSITION:** [*1] Defendants' Motion for a Protective Order GRANTED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For JAMAL J. KIFAFI, plaintiff: Stephen Robert Bruce, Washington, DC.

For HILTON HOTEL RETIREMENT PLAN, HILTON HOTELS CORPORATION, JAMES M. ANDERSON, MATTHEW J. HART, BARRON HILTON, DIETER HUCKESTEIN, SAM D. YOUNG, JR., defendants: Robert N. Eccles, Lynn E Parseghian, Gregory Yann Porter, O'MELVENY & MYERS, L.L.P, Washington, DC.

**JUDGES:** ALAN KAY, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** ALAN KAY

**OPINION:**

    **MEMORANDUM ORDER**

    Pending before the Court is Defendants' Motion for a Protective Order ("Motion") [95], Plaintiffs' opposition thereto ("Opposition") [96], and Defendants' reply ("Reply") [97]. Pursuant to Federal Rule of Civil Procedure 26(c), Defendants have moved for a protective order staying the taking of discovery, by deposition or any other means, from Frank Cornelius, whose deposition Plaintiff noticed for November 2, 2000. n1 Defendants oppose the deposition on two grounds: 1) it is out of time since discovery closed on April 21, 1999 and Plaintiff has offered no legitimate grounds for reopening it; 2) the record on the work product dispute before the Court has been closed for months and the undersigned's rulings [*2] on privilege and work product are now pending before the Court on motions that have been fully briefed. Memorandum at 1-2. Alternatively, Defendants request that the deposition be stayed pending the outcome of the cross-motion for reconsideration of the undersigned's rulings on privilege and work product. Memorandum at 6-7.

        n1 Mr. Cornelius was expected to testify about the substance of Aon Consulting's work for Defendants on the benefit-accrual issue in this litigation and his knowledge as to whether Aon's work was generated in anticipation of litigation. Memorandum in Support of Motion ("Memorandum") at 1.

    Plaintiffs allege that "no harm accrues to defendants if the deposition goes forward as noticed" since the record of the deposition will "allow the Court to make its determinations of relevance and privilege based on actual testimony." Opposition at 1-2. Notably, Plaintiffs offer no "exceptional and compelling circumstances" for violating the Court's schedule closing discovery on April 1, 1999. Reply at 1. [*3] Instead, Plaintiffs acknowledge that they have known about Mr. Cornelius since June of 1999 but that they did not realize his significance as a witness until February 2000. *See* Reply at 2.

    This Court finds Plaintiffs' attempt to reopen discovery by noticing the deposition of Mr. Cornelius to be untimely

and unjustified. *See Queen's University at Kingston v. Kinedyne Corporation*, 161 F.R.D. 443, 445-446 (D. Kan. 1995) (Defendant's request to reopen discovery to take a deposition was denied where defendant offered no good cause for its failure to contact the witness until well after the close of discovery. Defendant did not allege that the witness was newly-discovered or previously unavailable.) *See generally Yrityspankki Skop Oyj v Delta Funding Corporation*, 1999 U.S. Dist. LEXIS 17463, *11, 1999 WL 1018048 *4 (S.D.N.Y. 1999) ("In seeking to reopen discovery . . ., the defendant must demonstrate . . . what efforts the defendant has made during discovery to obtain this information [to defeat a summary judgment motion] and why it was unsuccessful in doing so."); *Stamp v Brown*, 1990 U.S. Dist. LEXIS 16071, 1990 WL 205456 (wherein the Court upheld the magistrate's ruling not to reopen discovery [*4] for the purpose of taking depositions, noting that "discovery should not be reopened to enable a party to deal with its own deposition mistakes." (citation omitted)). n2

> n2 Since this Court has determined the Plaintiffs' notice of deposition of Mr. Cornelius to be untimely, there is no need to reach a determination on the issue of the privilege of the deponent's testimony. In the event that Plaintiffs call Mr. Cornelius as a witness at trial, the trial court may rule on the privilege of his testimony.

Based on the Plaintiffs' failure to justify an out-of-time deposition, more than a year after the discovery cutoff in this case, is this 7Th day of December 2000,

**ORDERED** that the Defendants' Motion for a Protective Order be and hereby is **GRANTED.** Plaintiffs may not pursue discovery from Frank Cornelius through deposition or by any other means. n3

> n3 This Court does not reach a determination on whether new evidence with regard to the undersigned's prior rulings on privilege and work product may be introduced before the trial court. The Court does however direct the parties' attention to *Aikens v. Shalala*, 956 F. Supp. 14, 19 (D.D.C. 1997) (wherein Judge Urbina ruled that "this rule [Fed. R. Civ. P. 72(b)] does not permit a litigant to present new initiatives to the district judge . . . therefore only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court.") (citations omitted).

[*5]

ALAN KAY

UNITED STATES MAGISTRATE JUDGE