UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC.       )<br>                                                               )<br>    *Plaintiff*,                                         )<br>                                                               )<br>    v.                                                        ) Civil Action No 3:02CV761(CFD)(TPS)<br>                                                               )<br>PATRICIA WILSON-COKER, J.D., M.S.W., )<br>COMMISSIONER OF THE                       )<br>STATE OF CONNECTICUT                       )<br>DEPARTMENT OF SOCIAL SERVICES     )<br>                                                               )<br>    *Defendant*.                                       )<br>                                                               ) April 29, 2005 | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO QUASH AND/OR
FOR A PROTECTIVE ORDER**

**I. Introduction**

Plaintiff Community Health Center, Inc. ("CHCI") submits this Memorandum in Opposition to defendant's Motion to Quash and/or For a Protective Order (the "Motion"). For the reasons stated below, plaintiff should be permitted to proceed with the deposition(s) it seeks to take in this matter.

**II. Background**

In this action, CHCI has alleged that the State of Connecticut's Department of Social Services ("DSS") has violated, and is violating, provisions of Federal law governing the

1

Medicaid program. As a result, DSS already has improperly taken back Medicaid payments to which CHCI is legally entitled and has issued a directive under which there will be further unlawful curtailments of CHCI's reimbursement for Medicaid services. These unlawful acts stem from DSS' refusal to pay for an essential service, commonly referred to as "case management."

Because CHCI believed that the issues in this matter were entirely legal in nature, it submitted a motion for summary judgment on August 15, 2002.[1] DSS failed to submit its opposition within the twenty-one day period required by D. Conn. L. Rule 9(a). In September of 2002, DSS, believing that it needed discovery in what is essentially an administrative record review matter, filed a Motion for Enlargement of Time seeking up to ninety (90) days after the close of all discovery in which to file its opposition to CHCI's summary judgment motion.[2] At

---

[1] For relief, CHCI is asking that DSS be directed to include case management as a billable visit so that CHCI can receive the reimbursement to which it is entitled for such services as part of its per visit rate for 1999 and 2000 and its PPS base rate. Alternatively, DSS should be directed to correct its methodology for calculation of CHCI's per visit rates in a manner that ensures that: (1) CHCI's total case management visits are removed from the calculation of its per visit rates (and not only those case management visits provided as part of the Medicaid program), and (2) CHCI receives reimbursement for the costs of providing case management services to Medicaid recipients to ensure that the Medicaid program pays its proper share of CHCI's costs of providing such services.

[2] CHCI submitted its opposition to DSS' motion for enlargement of time on October 1, 2002.

2

the same time, DSS propounded discovery requests. DSS has also taken the deposition of the case manager employed by CHCI during the audit period in question.

On October 20, 2003, DSS sought and later received another ninety (90) day enlargement of time in which to respond to CHCI's summary judgment motion in order to allow the parties to pursue settlement discussions and the defendant additional time to respond to plaintiff's motion. DSS subsequently submitted its opposition to CHCI's summary judgment motion and a hearing on CHCI's summary judgment motion was held before Judge Droney on September 2, 2004.[3]

CHCI's summary judgment memorandum assumed *arguendo* that the State was correct in its interpretation of case management services not constituting a "visit" under State regulation and instead explained how and why the State's *implementation* of that interpretation resulted in the State's violation of federal law. CHCI also explained, to fulfill its payment obligation under federal law to pay reasonable costs, the State had only two choices: (1) allow case management visits (*i.e.* accept CHCI's interpretation of State regulation), or (2) implement its interpretation by allowing CHCI to recalculate its costs taking the State's interpretation into account. The theory on which CHCI's summary judgment motion rested, therefore, did not implicate any facts that needed to be ascertained through discovery.

---

[3] On April 7, 2004, Magistrate Judge Smith issued a Settlement Conference Memorandum stating, "Discovery is now complete. There is a pending motion for summary judgment that must responded to within 21 days of this date. Thereafter, if necessary, the parties desire a trial." April 7, 2004 Settlement Conference Memorandum at 1.

3

In opposing CHCI's summary judgment motion, DSS never directly addressed any of the contentions raised by CHCI. As illustrated by the Affidavit of Kathleen Shaughnessy submitted in support of DSS' opposition, DSS clung to the notion that CHCI was properly paid for case management services because case management costs were included in CHCI's rate calculations for 1999 and 2000 (the base years used to establish the health center's prospective payment system ("PPS") rate).

On September 2, 2004, the Court denied CHCI's motion for summary judgment on the grounds that three (3) factual issues remained unresolved. The Court concluded, " . . . there are genuine issues of material fact including, but not limited to, whether case management services constitute a billable client visit, whether the four visits that the State auditor declared improperly paid constituted billable client visits, and, if those visits were improperly paid, whether DSS has an obligation to recalculate CHCI's prospective payment basis." September 2, 2004 Ruling on Motion for Summary Judgment at 2. Notably, none of those factual issues had been identified, much less relied on by defendant to oppose summary judgment, prior to the summary judgment hearing. The same was true for plaintiff. We had not raised those issues in any prior proceeding.

In light of the Court's ruling, CHCI issued subpoenas/notices of deposition in order to depose the appropriate DSS officials who could testify as to the three (3) issues identified by the Court. DSS now seeks to prevent that/those deposition(s) from taking place on the basis that discovery is now closed.

4

### III. Argument

None of the cases cited by DSS in its Motion (none of which is controlling law in this jurisdiction) address the situation the Court is faced with here - - whether discovery should be reopened for the limited purpose of addressing issues identified by the Court and not the parties.

One of the primary aims of summary judgment is to narrow issues for trial or to obviate any need for a trial. Now that CHCI's motion for summary judgment has resulted in three areas which the Court believes need to be resolved, it would be entirely appropriate and in the interests of judicial economy to permit the deposition(s) to proceed. This Court possesses broad discretion in matters of discovery and the Federal Rules permit the Court to amend discovery orders when justice so requires. Fed. R. Civ. P. 26(f). Doing so will allow the parties to engage in a process designed to narrow issues as much as possible and relieve (in this case) Judge Droney from the duty of resolving controversies that might be resolved, or simplified, through that process. Resolving DSS' motions to quash and for a protective order boils down to a question of whether the issues identified by Judge Droney should first be dealt with through discovery rather than at trial. In light of the fact that Federal Rule of Civil Procedure 26(f) allows the Court to amend discovery orders where justice so requires, no trial date has been set yet, and a settlement conference is scheduled in this matter for June 8, 2005 (with settlement memoranda due to the Court by June 6, 2005), no prejudice would result to either party in allowing the deposition(s) to proceed. Indeed, the deposition(s) CHCI seeks to take could take

5

place well before the settlement conference and are likely to aid in the settlement discussions in which the parties have been directed by the Court to participate.

## IV. Conclusion

For the foregoing reasons, CHCI respectfully requests that the Court deny DSS' motions to quash and for a protective order and direct that the deposition(s) be scheduled and take place without further delay.

Respectfully submitted,

*[signature]*

Richard R. Brown
Fed. Bar No. 00009
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT  06103
(860)522-3343 (telephone)
(860)522-2490 (facsimile)

And

James L. Feldesman
Kathy S. Ghiladi
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., 2nd Floor
Washington, D.C. 20036
(202) 466-8960 (telephone)
(202) 293-8103 (facsimile)

*Counsel for Plaintiff*

6

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

## **CERTIFICATION**

This is to certify that a copy of this document was mailed, postage prepaid on April 29, 2005, to all counsel of record including Lauren M. Nash, Assistant U.S. Attorney, P.O. Box 1824, New Haven, CT 06508; Thomas J. Ring, Assistant Attorney General, P.O. Box 120, Hartford, CT 06141-0120 and Marilyn B. Fagelson, Esq., Murtha Cullina LLP, 2 Whitney Avenue, New Haven, CT 06510

_____
Richard R. Brown

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767